# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 23, 2019

```
* * * * * * * * * * * * * * * * * * * * * * * *
TAHLIA SPECTOR, M.D.,            *      No. 15-401V
                                 *
                 Petitioner,     *      Special Master Sanders
v.                               *
                                 *
SECRETARY OF HEALTH              *      Stipulation for Award; Influenza ("flu")
AND HUMAN SERVICES,              *      Vaccine; Shoulder Injury Related to Vaccine
                                 *      Administration ("SIRVA")
                 Respondent.     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

William I. Goldsmith, Goldsmith & Hull, APC, Northridge, CA, for Petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On April 21, 2015, Tahlia Spector, M.D. ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioner alleged that the influenza ("flu") vaccine she received on September 19, 2013, caused her to suffer a left shoulder injury related to vaccine administration ("SIRVA").  *See* Stip. at 1, ECF No. 80.  Petitioner further alleged that she experienced the residual effects of his injury for more than six months.  *Id.*

On November 19, 2015, Special Master Hamilton-Fieldman issued a ruling on entitlement, finding that Petitioner was entitled to an award of compensation for her left SIRVA claim.  *Id.* at 2; *see also* ECF No. 22.  On August 19, 2019, the parties filed a stipulation, attached hereto as Appendix A,  in which they concede that a decision should be entered awarding compensation to Petitioner.  Stip. at 2.  I find the terms of the stipulation reasonable and adopt it as the decision of the Court in awarding damages.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  **This means the Decision will be available to anyone with access to the Internet.**  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $812,741.95, which amount represents compensation for first year life care expenses ($18,777.36), lost earnings ($550,000.00), pain and suffering ($165,000.00), and past unreimbursable expenses ($78,964.59), in the form of a check payable to petitioner; [and] . . . [a]n amount sufficient to purchase an annuity contract described in Paragraph 10 [of the Stipulation], paid to the life insurance company from which the annuity will be purchased . . . .**

*Id.*

I approve the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
**TAHLIA SPECTOR, M.D.,**              \*
\*
         Petitioner,              \*
\*
*v.*                    \*     **No. 15-401V (ECF)**
\*     Special Master Sanders
\*
**SECRETARY OF HEALTH**              \*
**AND HUMAN SERVICES,**              \*
\*
         Respondent.              \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Tahlia Spector, M.D., filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the quadrivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu vaccine on or about September 19, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a consequence of the flu immunization she received on or about September 19, 2013, and further alleges that she suffered the residual effects of this injury for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6.  On November 19, 2015, the Special Master issued a Ruling on Entitlement, finding petitioner entitled to receive an award of compensation for her left SIRVA as a result of the September 19, 2013, flu vaccination.

7.  Accordingly, petitioner is entitled to receive compensation under the terms of the Vaccine Program.  Therefore, a decision should be entered awarding compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a.  A lump sum of $812,741.95, which amount represents compensation for first year life care expenses ($18,777.36), lost earnings ($550,000.00), pain and suffering ($165,000.00), and past unreimbursable expenses ($78,964.59), in the form of a check payable to petitioner;
>
> b.  An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9.  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.      A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:
           AA-, AA, AA+, or AAA.

    10.  The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of petitioner, Tahlia Spector, M.D., pursuant to

which the Life Insurance Company will agree to make payments periodically to petitioner as

follows:

    a. For future unreimbursable Medicare Part B Deductible expenses, beginning on the
anniversary of the date of judgment in year 2034, an annual amount of $185.00 to be paid
for the remainder of petitioner's life, increasing at the rate of five percent (5%),
compounded annually from the date of judgment.

    b. For future unreimbursable Tylenol, Portable Shopping Cart, Tempurpedic Pillow,
Buckingham Bra, TENS, Neck Ultrasound, Pad for TENS, Hot/Cold Pack, and
Psychological Counseling expenses, on the first anniversary of the date of judgment, a
lump sum of $1,462.70. Then, beginning on the second anniversary of the date of
judgment, an annual amount of $382.70 to be paid up to the anniversary of the date of
judgment in year 2024. Then, on the anniversary of the date of judgment in year 2024, a
lump sum of $922.70. Then, beginning on the anniversary of the date of judgment in
year 2025, an annual amount of $382.70 to be paid up to the anniversary of the date of
judgment in year 2029. Then, on the anniversary of the date of judgment in year 2029, a
lump sum of $922.70. Then, beginning on the anniversary of the date of judgment in
year 2030, an annual amount of $382.70 to be paid up to the anniversary of the date of
judgment in year 2034. Then, on the anniversary of the date of judgment in year 2034, a
lump sum of $682.70. Thereafter, beginning on the anniversary of the date of judgment
in year 2035, an annual amount of $382.70 to be paid for the remainder of petitioner's
life, all amounts increasing at the rate of four percent (4%), compounded annually from
the date of judgment.

    c. For future unreimbursable Physical Therapy expenses, beginning on the anniversary of
the date of judgment in year 2021, an annual amount of $280.00 to be paid up to the
anniversary of the date of judgment in year 2034. Thereafter, beginning on the
anniversary of the date of judgment in year 2035, an annual amount of $56.00 to be paid
for the remainder of petitioner's life, all amounts increasing at the rate of four percent
(4%), compounded annually from the date of judgment.

    d. For future unreimbursable Physical Therapy, Myofascial Release/Massage/Pilates, and
Ancillary Service expenses, beginning on the first anniversary of the date of judgment, an
annual amount of $12,037.40 to be paid up to the second anniversary of the date of
judgment. Then, beginning on the second anniversary of the date of judgment, an annual
amount of $5,917.40 to be paid up to the third anniversary of the date of judgment. Then,
beginning on the third anniversary of the date of judgment, an annual amount of

$1,117.40 to be paid up to the anniversary of the date of judgment in year 2039.
Thereafter, beginning on the anniversary of the date of judgment in year 2039, an annual
amount of $517.40 to be paid for the remainder of petitioner's life, all amounts increasing
at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set

forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other

installments. The "annual amounts" set forth above describe only the total yearly sum to be paid

to petitioner and do not require that the payment be made in one annual installment. Petitioner

will continue to receive the annuity payments from the Life Insurance Company only so long as

she, Tahlia Spector, M.D., is alive at the time that a particular payment is due. Written notice

shall be provided to the Secretary of Health and Human Services and the Life Insurance

Company within twenty (20) days of Tahlia Spector, M.D.'s death.

  11. The annuity contract will be owned solely and exclusively by the Secretary of Health

and Human Services and will be purchased as soon as practicable following the entry of a

judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary

of Health and Human Services and the United States of America are not responsible for the

payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts

awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the

future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with

respect to future annuity payments.

  12. As soon as practicable after the entry of judgment on entitlement in this case, and

after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

14. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 12 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out

of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about September 19, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about April 21, 2015, in the United States Court of Federal Claims as petition No. 15-401V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to the amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

TAHLIA SPECTOR, M.D.,

ATTORNEY OF RECORD FOR
PETITIONER:

WILLIAM I. GOLDSMITH, ESQ.
GOLDSMITH & HULL, APC
16933 Parthenia Street, Suite 110
Northridge, CA 91343
Tel: (818) 990-6600

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

Ward Sorensen for

TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD  20857

Dated: 8/19/19

ATTORNEY OF RECORD FOR
RESPONDENT:

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 616-4122