# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 27, 2020

```
* * * * * * * * * * * * *
TAHLIA SPECTOR, M.D.,           *      No. 15-401V
                                *      Special Master Sanders
         Petitioner,            *
                                *
v.                              *
                                *
SECRETARY OF HEALTH             *      Attorneys' Fees and Costs
AND HUMAN SERVICES,             *
                                *
         Respondent.            *
* * * * * * * * * * * * *
```

William I. Goldsmith, Goldsmith & Hull, APC, Northridge, CA, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 21, 2015, Tahlia Spector, M.D. ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that the influenza ("flu") vaccine Petitioner received on September 19, 2013, caused her to suffer a left shoulder injury related to vaccine administration ("SIRVA"). On August 19, 2019, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on August 23, 2019. ECF No. 81.

On October 4, 2019, Petitioner filed an application for attorneys' fees and costs. ECF No. 88 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $128,025.89

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(representing $118,270.50 in fees and $9,755.39 in costs). Fees App. at 5. Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred $1,910.21 in costs. ECF No. 87 Respondent responded to the motion on October 7, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 50). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program

2

special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests that her attorneys, Mr. William Goldsmith and Mr. Jack Hull, receive $450.00 per hour for all work performed in this case (Mr. Hull performed work in 2014-2016 and Mr. Goldsmith performed work in 2016-2019). Upon review, the undersigned finds the requested rates to be excessive for several reasons.

Concerning the rates requested for Mr. Hull, $450.00 per hour exceeds the maximum amount awarded to attorneys per the OSM Attorneys' Forum Hourly Rate Fee Schedule for 2015-2016 and also exceeds what he has previously been awarded for Vaccine Program work in those years. Previously, Mr. Hull has requested, and been awarded, $375.00 per hour for his work in 2015-2016. *Perez v. Sec'y of Health & Human Servs.*, No. 15-1023V, 2016 WL 8488421 (Fed. Cl. Spec. Mstr. Dec. 1, 2016). Accordingly, the undersigned will compensate all work performed by Mr. Hull in this case at $375.00 per hour.

Concerning the rates requested for Mr. Goldsmith, they present similar issues as Mr. Hull's. Mr. Goldsmith also requested and was awarded $375.00 per hour for his 2016 work in *Perez*, and $450.00 exceeds the maximum awarded rate for 2017. Additionally, $450.00 per hour for work performed in 2018 and 2019 is excessive in the undersigned's experience given Mr. Goldsmith's overall credentials. While Mr. Goldsmith has a great deal of legal experience overall having been barred in 1978, he has only worked on a handful of Vaccine Program cases (per CMECF, Mr. Goldsmith has been or currently is the lead attorney in four cases, while Mr. Hull was lead attorney in four additional cases in which Mr. Goldsmith may have worked on). Accordingly, based on all the information available and her experience, the undersigned finds it reasonable to compensate Mr. Goldsmith's work at the following rates: $375.00 per hour for work performed in 2016,

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

$400.00 per hour for work performed in 2017, $420.00 per hour for work performed in 2018, and $440.00 per hour for work performed in 2019.

Petitioner also requests that all paralegal work be compensated at $150.00 per hour. This rate exceeds the maximum awarded rate for paralegal work for 2015-2017 per the OSM Attorneys' Forum Hourly Rate Fee Schedules. The undersigned will therefore compensate this paralegal time at the highest rate for those years, $145.00 per hour for 2015-2016, and $148.00 per hour for 2017.

Overall, application of these rates results in a reduction of **$9,572.95**.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds the billed hours to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review the undersigned does not find any of the billing entries to be unreasonable. Respondent has also not indicated that he finds any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$108,697.55**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $9,755.39 in attorneys' costs. This amount is comprised of acquiring medical records, postage, copies, the Court's filing fee, and costs associated with mediation. Fees App. Ex. 4 at 2. Petitioner has provided adequate documentation to support these costs and in the undersigned's experience they are reasonable. Accordingly, Petitioner is entitled to the full amount of costs sought.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner states that she has personally incurred costs of $1,910.21 related to retaining a vocational expert and for postage. ECF No. 93, Ex. 2 at 1, ECF No. 87, Ex. 1 at 2. Petitioner has supported these costs and they appear to be reasonable. Petitioner shall therefore be fully reimbursed for her costs.

## II. Conclusion

Based on all the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $118,270.50 |
|---|---|
| (Reduction to Fees) | - ($9,572.95) |

4

| **Total Attorneys' Fees Awarded** | **$108,697.55** |
|---|---|
| | |
| Attorneys' Costs Requested | $9,755.39 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$9,755.39** |
| | |
| **Total Attorneys' Fees and Costs** | **$118,452.94** |
| | |
| **Petitioner's Costs** | **$1,910.21** |
| | |
| **Total Amount Awarded** | **$120,363.15** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $118,452.94, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. William Goldsmith; and**

2) **A lump sum in the amount of $1,910.21, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).